UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WAYNE CRISP and DONNA CRISP, )<br>)<br>Plaintiffs )<br>)<br>vs. )<br>)<br>I/N TEK, LP, III TEK, INC., and )<br>NS TEK, INC., )<br>)<br>Defendants ) | CAUSE NO. 3:05-CV-371 RM |

OPINION and ORDER

The court has the obligation to inquire into its own subject matter jurisdiction. Johnson v. Wattenbarger, 361 F.3d 991 (7th Cir. 2004). The plaintiffs' complaint does not allege the existence of jurisdiction. First, it alleges that "at all relevant times herein the Plaintiffs were residents of the City of Hammond, County of Lake, State of Indiana," but residency is not citizenship, Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), and jurisdiction depends on citizenship of each party at the time the case begins. Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996). The plaintiffs must show the citizenship of each party as of the date the complaint was filed. Dausch v. Rykse, 9 F.3d 1244, 1245 (7th Cir. 1993). Second, the complaint alleges that defendant I/N Tek, L.P., is "a foreign limited partnership created under the laws of the State of Delaware," but partnerships, including limited partnerships, are deemed to be citizens of every state in which any partner is a citizen. Carden v. Arkoma Assocs., 494 U.S. 185, 195-196 (1990); Meyerson

v. Showboat Marina Casino Partnership, 312 F.3d 318, 321 (7th Cir. 2002). Because there is no such thing as a "Delaware limited partnership" for purposes of diversity jurisdiction, the plaintiffs must identify the citizenship of all general and limited partners. Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996). Next, 28 U.S.C. § 1332(c) provides that a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. The complaint alleges that III Tek, Inc. is a Delaware corporation and NS Tek, Inc. is a New York corporation, but the complaint contains no allegations relating to the principal place of business of either corporation. Indiana Hi-Rail Corp. v. Decatur Junction Railway Co., 37 F.3d 363, 365 n.3 (7th Cir. 1994). Lastly, while diversity jurisdiction requires that the amount in controversy be greater than $75,000, 28 U.S.C. § 1332, the plaintiffs' complaint contains no allegations about the amount at issue in this case. Johnson v. Wattenbarger, 361 F.3d 991, 993 (7th Cir. 2004).

Although the case may be subject to dismissal on these grounds, Tylka v. Gerber Prods. Co., 211 F.3d 445 (7th Cir. 2000), the court instead affords the plaintiffs twenty days from the date of this order within which to file an amended complaint alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332.

SO ORDERED.

ENTERED:   April 13, 2006

   /s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Chief Judge
United States District Court