UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WAYNE CRISP and DONNA CRISP,          )
                                       )
                Plaintiffs             )
                                       )
        vs.                            )        CAUSE NO. 3:05-CV-371 RM
                                       )
I/N TEK, L.P., III TEK, INC., and      )
NS TEK, INC.,                          )
                                       )
                Defendants             )

OPINION and ORDER

In January 2008, the court granted the I/N Tek defendants' summary judgment motion [docket # 48], and judgment was entered in their favor on January 25 [docket # 49]. The Crisps filed a timely notice of appeal [docket # 50], and the clerk of this court forwarded the record to the court of appeals [docket # 51]. On June 23, 2008, the Clerk of the Seventh Circuit Court of Appeals issued a mandate indicating that the Crisps' appeal had been dismissed upon motion of counsel for the parties [docket # 54].

Crystal Sharp Bauer, the attorney who represented Wayne and Donna Crisp in this court and on appeal, has filed a motion asking this court to determine the proper allocation of attorney's fees pursuant to the terms of a settlement agreement the Crisps and the I/N Tek defendants entered into in connection with the Crisps' appeal. According to Ms. Bauer, the I/N Tek defendants agreed to pay $50,000 to the Crisps in settlement of the appeal, and the Crisps agreed that one-

third of the settlement amount, or $16,666.66, was to be paid as attorney's fees and all litigation expenses were to be paid from the Crisps' share of the settlement proceeds. Ms. Bauer indicates that during the time she represented the Crisps, she was employed first at James, James and Manning, P.C. (from August 2004 through July 2006), then at Samuel L. Cappas & Associates, P.C. (from July 2006 through June 2007), and after that time she became self-employed, and disputes now exist as to the amount of fees due and owing to the James firm and the amount of expenses incurred by Cappas & Associates. Ms. Bauer asks the court to hold a hearing to determine the amounts owed to the various attorneys.

The James firm responds that Ms. Bauer's petition should be dismissed pursuant to Federal Rule of Civil Procedure 12(b) based on the court's lack of subject matter jurisdiction, insufficient process and service of process, failure to state a claim, and because a final judgment was entered in this court more than a year ago. The court agrees that subject matter jurisdiction is lacking over the issues presented, so the James firm's other arguments need not be addressed.

A dismissal motion under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act: a federal court must assure itself that it has jurisdiction over the subject matter of a case before it can proceed to take any action on the merits of the case. *See* <u>Cook v. Winfrey</u>, 141 F.3d 322, 325 (7th Cir. 1998). The party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. *See* <u>Thomas v. Gaskill</u>, 315 U.S. 442, 446 (1942);

<u>United Phosphorus, Ltd. v. Angus Chemical Co.</u>, 322 F.3d 942, 946 (7th Cir. 2003).

The dispute here at issue doesn't present a federal question that would establish jurisdiction under 28 U.S.C. § 1331. Nor can jurisdiction be rooted in diversity under 28 U.S.C. § 1332: the amount of fees and expenses owed by the Crisps isn't an issue between the original diverse parties to this action, the Crisps (Indiana citizens) and the I/N Tek defendants (Delaware, Ohio, and New York citizens). Rather, the dispute about the fee/expense distribution is a contract issue between non-diverse parties and could be captioned as "Ms. Bauer and the Crisps vs. Ms. Bauer's former employers," — Indiana citizens vs. Indiana citizens. Federal courts have no jurisdiction over Indiana law disputes between Indiana citizens. Too, even if the attorneys involved were citizens of states other than Indiana, the amount in controversy doesn't exceed $75,000.

Ms. Bauer maintains that because the Crisps have an interest in the dispute, supplemental jurisdiction exists. The court can't agree. 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction," a court has supplemental jurisdiction over "all other claims that are so related to claims in the original action within such original jurisdiction that they form part of the same case or controversy." However, a court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

In <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375 (1994), the Court addressed the issue of a federal court's jurisdiction over disputes between litigants and lawyers relating to enforcement of a settlement agreement:

> [T]he only order [by the district court] was that the suit be dismissed, a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement. The situation would be different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here. The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.

511 U.S. at 380-381 (internal citations omitted); *see also* <u>O'Sullivan v. City of Chicago</u>, 396 F.3d 843, 862 n.4 (7th Cir. 2005) ("the Consent Decree was entered as the judgment of the court and also specifically provided for continuing enforcement jurisdiction for the district court"); <u>Baer v. First Options of Chicago, Inc.</u>, 72 F.3d 1294, 1300-1301 (7th Cir. 1995) (supplemental jurisdiction proper where district court "exercised affirmative control over the disputed [attorney] fee. The settlement agreement, which was brought to the district court for its approval and for an order dismissing the case, specifically acknowledged the dispute and included a provision for resolving it.").

The exception for settlement agreements incorporated into a judgment isn't applicable here. Ms. Bauer's dispute with her previous employers about allocation of her fees and the amount of expenses incurred is unrelated to the underlying

dispute between the Crisps and the I/N Tek defendants. The dispute over the disbursement of settlement funds didn't arise as a matter of necessity from anything that occurred in the proceedings before this court: the litigation between the Crisps and the I/N Tek defendants didn't establish any duty for this court to determine and/or distribute a fee, and the court is not in custody of the disputed settlement funds. The settlement agreement between the Crisps and the I/N Tek defendants arose after the defendants prevailed in this court and final judgment was entered. Even if the Crisp/I/N Tek settlement agreement addressed the fee issue, the controversy over the assessment and allocation of fees and expenses wasn't necessary to resolution of the "case or controversy" presented to this court, so the court declines to exercise supplemental jurisdiction in this instance. *See* Kokkonen v. Guardian Life Ins. Co., 511 U.S. at 381 ("The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quire separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. . . . Absent [the court's embodying a settlement contract in its dismissal order), however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."); Seymour v. Hug, 485 F.3d 926, 930 (7th Cir. 2007) ("[The dispute over attorney's fees] is a

traditional contract claim that should be brought in another proceeding. There is no need for the district court to exercise supplemental jurisdiction over this dispute because the original federal claims have already been dismissed."); Meyenburg v. Exxon Mobil Corp., No. 3:05-CV-15, 2007 WL 4219199, at *1 (S.D. Ill. Apr. 17, 2007) ("First, any dispute regarding the distribution of fees is one sounding in contract law, lying squarely within the province of state courts. Likewise, laws regarding the validity and enforceability of fee-sharing agreements are specific to state legal ethics rules and/or state common law. Also, no federal common law exists for resolving fee-sharing disputes.").

For these reasons, the court GRANTS the motion to dismiss filed by Kenneth Manning and the James firm [docket # 58] and DISMISSES the petition of attorney Crystal Sharp Bauer to determine attorneys' fees and expenses [docket # 56].

SO ORDERED.

ENTERED:   March 10, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court